Deaderick, J.,
delivered the opinion of the Court.
*810 Simpson brought this action against Rice, the maker, and Steele, the endorser, of a promissory note. Rice was discharged upon his plea of bankruptcy. Steele pleaded a general denial, and a special plea, in which he avers that he was only accommodation endorser for Rice, and then sets forth a correspondence between himself and the plaintiff. 1st. A letter, from himself to the plaintiff, dated-the 16th of December, 1860, in which this passage occurs: — I do not like the way James Rice is getting along. What have you done with the note I endorsed? I wish you would come up and do something with it. He has plenty of property now to make your money. Let me hear from you soon.” 2d. The reply of Simpson to this letter, dated the 4th of February, 1861, in which he acknowledges the receipt of the plaintiff’s letter shortly previous , and, in regard to this matter, says: — “ I do not think you need be uneasy about Rice, as I think he will come out all right after a spell.”
The plea avers that the defendant heard nothing further from the plaintiff until November, 1868, when he received another letter, which is set forth, and which contains the following: — “What do you think about the James Rice debt, which you endorsed to me? Ain I to lose it all? Or would you be willing if I were to make a compromise matter of it?” Next, the plea sets forth the defendant’s reply to this, which need not be set forth here. It in substance informs the plaintiff, that he regards himself as discharged from the debt, by reason of the plaintiff’s failure to sue. The plea further avers that Rice, the principal, *811 was solvent at the time of the request to sue, hut had become insolvent before the bringing of the suit. Upon 'the facts of this plea the defendant claimed his discharge. Issue was taken upon both pleas. Upon the trial the jury on the first plea found for the plaintiff the amount of the note and interest — and further found the defendant’s special plea to be true.
Thereupon, the Court gave judgment for the plaintiff, notwithstanding the verdict upon the second plea; from which Steele has appealed in error.
We think it very clear, that the letter of the 16th of December, 1861, is not a compliance with the Statute upon the subject, Code 1968 and following.
This provision authorizes the surety, in case he apprehends that his principal is likely to become insolvent or migrate from the State, to require' the creditor, by notice in writing, to forthwith put the note in suit; and if the creditor does not in thirty days thereafter commence an action and with due diligence proceed, in the ordinary course of law, to judgment and execution, the security is discharged. And this without regard to whether the principal' was solvent when the notice was given, or not. Inasmuch as the effect of this Statute is to discharge the surety from an absolute undertaking, it must be strictly complied with. When complied with, it constitutes a complete legal defense.
This letter can by no means be construed to mean a notice to the plaintiff to put the note in suit forthwith. The language is, “I wish you would come up and do something with it,” (the note.) There is *812 certainly no notice in this to sue forthwith, and it was not so understood by either of the parties. It is the mere expression of a wish that the creditor would collect the debt; and this was distinctly held not to be a compliance with the Statute, in Parish v. Gray, 2 Hum., 88. And we think no argument is required to show that the letter of the plaintiff of the 19th of November, 1868, was not a release of his debt. It is merely an inquiry of the defendant, coupled with an intimation that the plaintiff regarded his claim as doubtful.
Do the facts stated in this plea, taken as a whole, constitute a defense at law, to the action? Assume, for the .argument, that this plea shows a request to sue, or collect the debt, at a time when the principal was solvent, and that collection was delayed until the principal became insolvent — Is this a defense at law?
It was first held in this State, in the case of Hancock v. Bryant & Hunt, 2 Yerg., 476, that the remedy given the surety under the Act of 1811,— which was similar to the provisions of the Code before referred to, — did not take away the right the surety had to relief in Equity, upon the ground that the surety had requested the creditor to collect the debt, and the creditor had refused to do so until the principal debtor became insolvent. The relief was, in that case, granted purely upon Equitable grounds; that is, that under .the facts stated, it was against conscience for the creditor to use his legal advantage and compel the security to pay the debt: — in such *813 case the request to sue, may as well be proven to have been by parol as otherwise.
This was followed by the ease of Thompson v. Watson, 10 Yerg., 362, in which the same doctrine was held. The relief was granted, upon a bill in Equity. The Court said, that the ground of the relief was equitable; that it “affected the conscience of the creditor.”
From that time it seems to have been regarded as the settled law. Though it was held in Burrow v. The Bank of Tennessee, 6 Hum., 440, that the cases before referred to, had gone to the verge of the law upon the question.
"We have been referred to no case, in which anything short of a notice in compliance with the Statute has been held a good defense at law. The case of Fowler v. Alexander, 1 Heis., 425, was a case in which the plea averred that the notice required by the Statute had been given.
Relief has often been granted in Equity, upon the ground before stated, where the creditor has failed and delayed, after the request of the surety to collect the debt, until the principal became insolvent. In such case, the request need not be in writing; but it must be shown that the principal has become insolvent pending the delay.
While it is true that the line of distinction between the jurisdiction of the Law and Equity Courts seems to be daily giving way; still, we do not feel quite at liberty, as yet, to disregard it altogether.
We express no opinion as to whether the facts stated in the defendant’s plea, would entitle him *814 to relief in Equity. We hold simply that the plea constituted no defense at law. Affirm the judgment.